HENRY HAMPTON v. STATE.
No. A-1407.    Opinion Filed May 9, 1912.
Appeal from Hughes County Court;
P. W. Gardner, Judge.
Henry Hampton was convicted of violating the prohibitory law, and appeals. Reversed.
J. Ross Bailey, for plaintiff in error.
Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Hughes county on an information which charged the furnishing of intoxicating liquor to one Wm. DeLoach. July 29, 1911, he was sentenced in accordance with the verdict of the jury to serve a term of

sixty days in the county jail and to pay a fine of one hundred dollars. The information is insufficient to charge the offense of unlawfully furnishing intoxicating liquor, and it is assigned as error that the verdict of the jury is contrary to the evidence and the law. Upon an examination of the evidence we are convinced that the assignment is well taken. The proof on the part of prosecution consists of the testimony of one witness, Wm. DeLoach, who testified that he was acquainted with the defendant seven or eight years, met him at Holdenville on the day charged in the indictment. He was then asked if he had any personal transaction with the defendant at that time, and answered that he did not. He was then asked if he had any conversation with the defendant about whisky, and answered that he did not particularly have any conversation with him, but Ed Sumner, who was with him, asked defendant if he had any whisky, and defendant said that he did not have any. That Sumner then told him that witness was sick and needed some whisky, and the defendant said that he could get some in a back room of a pool hall. Witness testified that he went to the back room and a man was standing there and told him where to find a pint of whisky. The defendant testified in his own behalf substantially the same as the witness for the state; that DeLoach and Sumner met him on the street; that Sumner said that DeLoach was sick and needed some whisky and he told him that he could get some whisky from a man in the back end of a pool hall; that he had no whisky there and no interest in any whisky that might be there and did not know whether he secured any whisky there or not. We are of the opinion that the evidence is insufficient to show the commission of the offense attempted to be charged.

The judgment of the county court of Hughes county is therefore reversed.